# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK DANIEL GONZALEZ, | 1:12-cv-01244-BAM (HC) |
|     Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE AND REQUEST FOR APPOINTMENT OF COUNSEL |
|     v. | |
| A. HEDGPETH, | [Doc. 11] |
|     Respondent. | |

    Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States magistrate judge.  Local Rule 305(b).

    Petitioner filed the instant petition for writ of habeas corpus on July 18, 2012, in the United States District Court for the Central District of California.  On July 26, 2012, the petition was transferred to this Court.

    On August 20, 2012, the Court issued an order to show cause why the petition should not be dismissed without prejudice for lack of exhaustion of state court remedies.

    On September 20, 2012, Petitioner filed a response to order to show cause and requests the Court stay and hold the petition in abeyance pending his return to state court to exhaust all of the claims.

///

///

DISCUSSION

I.   Motion for a Stay

There are two different basis for a district court to stay a petition and hold it in abeyance. The first is under the three-step procedure set forth in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (hereinafter "Kelly").  Pursuant to Kelly, the petitioner initially amends the petition to delete any unexhausted claims. King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-1071.)  The court then stays and holds the amended petition in abeyance and allows the petitioner to return to state court to exhausted the deleted claims. Id.  After completion of exhaustion, the petitioner amends the petition to add the newly-exhausted claims to the original petition. Id.

The Kelly procedure does not require a showing of good cause for the delay. King, 564 F.3d at 1140.  The Ninth Circuit has noted, because the Kelly procedure does not leave the mixed petition pending, a petitioner proceeding under this procedure risks that he may not be able to comply with the timeliness of the deleted claims to amend back into the petition after exhaustion.[1]  A claim can only relate back to a pending federal petition only if the new claim shares a "common core of operate facts" within the claims in the pending petition. Id. at 1141. A new claim does not relate back to another claim simply because it arises from "the same trial, conviction, or sentence. Mayle v. Felix, 545 U.S. 644, 662-664 (2004).

The other procedure is set forth in the Supreme Court's decision in Rhines v. Weber, 544 U.S. 269 (2005).  Under Rhines, the unexhausted claims are not dismissed and the mixed petition remains pending in federal court while the petitioner returns to state court to exhaust. Id. at 277. Therefore, the Rhines procedure protects the petitioner any potential untimeliness.  However, there are limitations when the petition may be stayed under Rhines.  In order to qualify for a stay under Rhines, the petitioner must (1) show good cause for his failure to exhaust all claims before filing the federal action; (2) explain how his unexhausted claim is potentially meritorious; (3)

---

[1] Under 28 U.S.C. § 2244(d)(1), a one year statute of limitations applies to habeas corpus petitions. The pendency of a federal habeas corpus petition does not toll the applicable one year limitations period under section 2244(d)(1), unlike an application for state habeas corpus relief, which serves to toll the limitations period. Duncan v. Walker, 533 U.S. 167, 172 (2001).

2

1  indicate the status of any pending state court proceedings regarding the unexhausted claim; and
2  (4) there must be no indication that the petitioner engaged in intentionally dilatory litigation
3  tactics.  Id. at 277-278.
4     Petitioner has indicated that he intends to return to state court in order to fully exhaust
5  Grounds Four, Five, and Six.  Petitioner does not provide any basis for finding that he had good
6  cause for failing to exhaust state court remedies as to his unexhausted claims.  Although he
7  indicates he will promptly file a state court petition and return to this Court in an expedited
8  manner, this does not support a basis to stay the petition.  Therefore, Petitioner is not entitled to a
9  stay under Rhines.
10    However, Petitioner will be given the opportunity to withdraw all the unexhausted claims
11 from the petition and have the remaining petition containing only fully exhausted claims stayed
12 pending exhaustion of the other claims in state court.  In lieu of staying the petition, Petitioner
13 may opt to withdraw the unexhausted claims and proceed only with the exhausted claims or the
14 entire petition is subject to dismissal as a mixed petition.

15 II.    Motion for Appointment of Counsel

16    In his motion for a stay, Petitioner also requests the appointment of counsel.  There
17 currently exists no absolute right to appointment of counsel in habeas proceedings.  See e.g.
18 Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774
19 (8th Cir. 1984).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at
20 any stage of the case if "the interests of justice so require."  See Rule 8(c), Rules Governing
21 Section 2254 Cases.  In the present case, the Court does not find that the interests of justice
22 require the appointment of counsel at the present time.

23                                    ORDER

24    Based on the foregoing, IT IS HEREBY ORDERED THAT:
25    1.    The order to show cause issued August 20, 2012, is DISCHARGED;
26    2.    Petitioner's motion for stay of the instant petition pursuant to Rhines v. Weber is
27          DENIED;
28    3.    Petitioner is granted thirty (30) days from the date of service of this order to file a

3

motion to withdraw the unexhausted claims and to seek a stay of the fully exhausted petition, or indicate that he desires to delete the unexhausted claims and proceed only on the exhausted claims;

4. In the event Petitioner does not file such a motion, the Court will assume Petitioner desires to return to state court to exhaust the unexhausted claims and will therefore dismiss the entire petition without prejudice;

5. Petitioner's motion for appointment of counsel is DENIED; and

6. Failure to comply with this order will result in dismissal of the action.  Local Rule 110.

IT IS SO ORDERED.

Dated:    September 21, 2012                        /s/ **Barbara A. McAuliffe**
                                                    UNITED STATES MAGISTRATE JUDGE