UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK DANIEL GONZALEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>A. HEDGPETH,<br><br>　　　　　Respondent. | Case No.:1:12-cv-01244- BAM (HC)<br><br>ORDER DIRECTING PETITIONER TO FILE STATE COURT PETITION WITHIN THIRTY DAYS FROM THE DATE OF SERVICE OF THIS ORDER<br><br>[ECF No. 14] |

　　　　Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　Petitioner filed the instant petition for writ of habeas corpus on July 18, 2012. On November 7, 2012, the Court granted Petitioner's request to withdraw the unexhausted claims from the petition and hold the petition in abeyance while he returns to state court to exhaust the unexhausted claims.

　　　　In response the Court's order, Petitioner has filed status reports on December 13, 2012, January 14, 2013, February 14, 2013, March 11, 2013, April 22, 2013, June 4, 2013, and July 3, 2013.

　　　　In his status reports, Petitioner has repeatedly complained about the lack of access to his legal property and law library. Petitioner is advised that the instances of which he explains are routine occurrences within the prison population and the Court cannot continue to stay the instant proceedings without further effort on Petitioner's part to exhaust the state court remedies. In particular, Petitioner fails to explain how the conditions for which he complains have indeed impeded his ability to file a

petition in the state courts.  Petitioner is advised that the Court conditioned the stay on the efficient pursuant of the state court remedies, and Petitioner is advised that he must proceed to exhaust the state court remedies in an efficient and timely manner will result in the stay being vacated.  See Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir. 2003) ("In the event the district court exercises its discretion to stay federal proceedings while Petitioner exhausts his dismissed claims, the district court may require Petitioner to file his new state petition within 30 days.  The stay may remain in effect until 30 days following entry of final judgment by the California Supreme Court to allow Petitioner to present a fully exhausted petition for habeas review to the district court.  If Petitioner fails to act within the allotted time, the stay may be vacated nuns pro tunc as of the date the district court enters the stay and his petition may be dismissed consistent with Lundy.") (citing Zavala v. Altus, 254 F.3d 374, 381 (9th Cir. 2001).

Based on the foregoing, it is HEREBY ORDERED that:

1. Petitioner must file his state court petition within thirty (30) days from the date of service of this order; and

2. Failure to comply with this order will result in the stay being vacated nuns pro tunc to the date it was granted.

IT IS SO ORDERED.

Dated: **July 25, 2013**         /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE