UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK DANIEL GONZALEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>A. HEDGPETH,<br><br>　　　　Respondent. | Case No. 1:12-cv-001244-LJO-BAM-HC<br><br>ORDER VACATING ORDER DENYING PETITIONER'S MOTION FOR A STAY (DOCS. 51 & 33)<br><br>ORDER GRANTING PETITIONER'S REQUEST FOR AN EXTENSION OF TIME TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS (DOC. 50)<br><br>ORDER DENYING PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL (DOC. 50)<br><br>ORDER SCHEDULING DEADLINES FOR PETITIONER TO FILE OBJECTIONS AND RESPONDENT TO FILE A REPLY<br><br>**DEADLNE FOR FILING OBJECTIONS: FORTY-FIVE (45) DAYS** |

　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304.

　　On January 13, 2015, the Magistrate Judge filed findings and

1

recommendations to deny Petitioner's motion for a stay of the proceedings to permit him to exhaust state court remedies. On March 9, 2015, Petitioner filed an application for an extension of time to file objections to the findings and recommendations. The Court adopted the findings and recommendations and denied Petitioner's motion for a stay in an order filed on March 10, 2015, the day Petitioner's application was entered on the docket. In effect, the Petitioner's application and the Court's order crossed in transit. Thus, when the Court issued its order denying the stay motion, it was not aware of the request for an extension of time to file objections.

### I. Granting the Request for an Extension of Time and Vacating the Order Denying Petitioner's Motion for a Stay

In the application for an extension of time, Petitioner argues that specified limitations of his access to the law library have made it impossible for him to respond adequately to the Court's findings and recommendations. It appears that these conditions contributed to the untimeliness of Petitioner's application for an extension of time. Petitioner seeks additional time to set forth argument and to submit materials in response to the findings and recommendations. It appears that Petitioner seeks to respond to the Court's analysis of the potential timeliness of the new claims that Petitioner would seek to add to the instant proceeding. Petitioner is arguing that because of conditions of confinement that affected Petitioner's access to the law library and legal materials, the statute of limitations on the new claims was equitably tolled; thus,

2

the new claims would be timely.  Petitioner appears to contest the Court's finding that he was not diligent in his efforts to exhaust his state court remedies.

Because Petitioner seeks to raise an equitable exception to the statute of limitations, the Court in an abundance of caution will vacate its order denying Petitioner's motion for a stay and will grant Petitioner the time he seeks to submit objections to the findings and recommendations.  Respondent will be permitted to file a reply to the objections.

II.   <u>Motion for the Appointment of Counsel</u>

Petitioner seeks the appointment of counsel to help him litigate this motion and to represent him at an evidentiary hearing.

There currently exists no absolute right to the appointment of counsel in non-capital, federal habeas corpus proceedings. <u>McFarland v. Scott</u>, 512 U.S. 849, 857 n.3 (1994); <u>Miranda v. Castro</u>, 292 F.3d 1063, 1067 (9th Cir. 2002); <u>Anderson v. Heinze</u>, 258 F.2d 479, 481 (9th Cir.), <u>cert</u>. <u>denied</u>, 358 U.S. 889 (1958).  The Sixth Amendment right to counsel does not apply in habeas corpus actions, which are civil in nature.  <u>Chaney v. Lewis</u>, 801 F.2d 1191, 1196 (9th Cir.1986); <u>Anderson</u>, 258 F.2d at 481.

However, a Magistrate Judge may appoint counsel at any stage of a habeas corpus proceeding if the interests of justice require it. 18 U.S.C. § 3006A; Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules).  A district court evaluates the likelihood of a petitioner's success on the merits and the ability of a petitioner to articulate his claims

3

pro se in light of the complexity of the of the legal issues involved.  Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

A district court abuses its discretion in denying an indigent's request for appointed counsel pursuant to 18 U.S.C. § 3006A(g) if appointment of counsel is necessary to prevent due process violations, such as when the case is so complex that due process violations will occur absent the presence of counsel.  Bonin v. Vasquez, 999 F.2d 425, 428 (9th Cir. 1993) (citing Chaney, 801 F.2d at 1196).  Factors considered in various cases include the number of claims, the nature and substance of the issues (difficulty, novelty, need for further briefing), the stage of the proceedings, and pertinent circumstances concerning the condition of the petitioner (mental health issues, diagnoses, treatment, medical history) and the petitioner's ability to proceed with the action.

Here, in the findings and recommendations, the Magistrate Judge has set forth the pertinent legal standards and has analyzed the circumstances before the Court.  Petitioner has within his own knowledge all the details of his efforts to gain access to, and utilize legal resources within, the prison and thereby to exhaust his state court remedies.  Petitioner will be given time to have access to the law library to complete legal research and to submit any additional facts and argument bearing on equitable tolling and Petitioner's diligence.

Therefore, at this point in the proceedings, and considering the nature of the issues before the Court, the Court concludes that the interests of justice do not require the appointment of counsel.

### III. Disposition

In accordance with the foregoing analysis, it is ORDERED that:

1) This Court's order (doc. 51) adopting the Magistrate Judge's findings and recommendations, denying Petitioner's motion for a stay, and directing the filing of a traverse is VACATED; and

2) Petitioner's application for an extension of time to file objections to the findings and recommendations is GRANTED; and

3) Petitioner may FILE objections to the findings and recommendations no later than forty-five (45) days after the date of service of this order; and

4) Respondent may FILE a reply no later than thirty (30) days after the date of service of objections; and

5) Petitioner's motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **March 11, 2015**          **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE