UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK DANIEL GONZALEZ,<br><br>      Petitioner,<br><br>   v.<br><br>A. HEDGPETH,<br><br>      Respondent. | Case No. 1:12-cv-001244-LJO-BAM-HC<br><br>ORDER GRANTING PETITIONER'S REQUEST FOR AN EXTENSION OF TIME TO FILE OBJECTIONS (DOC. 53)<br><br>**DEADLINE: FORTY-FIVE (45) DAYS**<br><br>ORDER GRANTING PETITIONER'S REQUEST FOR COPIES AND DIRECTING THE CLERK TO SEND COPIES TO PETITIONER (DOC. 53)<br><br>ORDER DENYING PETITIONER'S REQUEST FOR THE APPOINTMENT OF COUNSEL (DOC. 53) |

   Petitioner is a prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303.

   On January 13, 2015, the Magistrate Judge filed findings and recommendations to deny Petitioner's stay motion, and on March 12, 2015, Petitioner was granted an extension of time to file objections.

   Pending before the Court is Petitioner's renewed request for an

extension of time to file objections and for copies of his petition and the docket, as well as his motion for the appointment of counsel to help Petitioner file objections.

### I. Order Granting the Motion for an Extension of Time

Good cause appearing, Petitioner's motion for an extension of time is GRANTED. Petitioner's objections are due no later than forty-five (45) days after the date of service of this order.

### II. Order Granting Petitioner's Motion for Copies

Petitioner informs the Court that he has lost his petition and other legal papers as a result of a cell search conducted by his custodians, and he needs a copy of the petition and of the Court's docket in this matter in order to prepare his objections to the findings and recommendations.

Although this Court does not customarily provide copies to parties, in view of the unique circumstances of the present request in this case, Petitioner's receipt of a copy of the petition and docket in this matter will facilitate resolution of this case.

Accordingly, Petitioner's request for copies is GRANTED, and it is ORDERED that the Clerk send to Petitioner with this order a copy of the petition (doc. 1), including all attachments, and a copy of the Court's docket in this case.

### III. Order Denying the Motion for Appointment of Counsel

Petitioner seeks the appointment of counsel to help him file objections and to represent him at an evidentiary hearing.

There currently exists no absolute right to the appointment of counsel in non-capital, federal habeas corpus proceedings. McFarland v. Scott, 512 U.S. 849, 857 n.3 (1994); Miranda v. Castro, 292 F.3d 1063, 1067 (9th Cir. 2002); Anderson v. Heinze, 258 F.2d

479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958).  The Sixth Amendment right to counsel does not apply in habeas corpus actions, which are civil in nature.  Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir.1986); Anderson, 258 F.2d at 481.

    However, a Magistrate Judge may appoint counsel at any stage of a habeas corpus proceeding if the interests of justice require it. 18 U.S.C. § 3006A; Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules).  A district court evaluates the likelihood of a petitioner's success on the merits and the ability of a petitioner to articulate his claims pro se in light of the complexity of the of the legal issues involved.  Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  A district court abuses its discretion in denying an indigent's request for appointed counsel pursuant to 18 U.S.C. § 3006A(g) if appointment of counsel is necessary to prevent due process violations, such as when the case is so complex that due process violations will occur absent the presence of counsel. Bonin v. Vasquez, 999 F.2d 425, 428 (9th Cir. 1993) (citing Chaney, 801 F.2d at 1196).  Factors considered in various cases include the number of claims, the nature and substance of the issues (difficulty, novelty, need for further briefing), the stage of the proceedings, and pertinent circumstances concerning the condition of the petitioner (mental health issues, diagnoses, treatment, medical history) and the petitioner's ability to proceed with the action.

    Here, in light of the nature of the issues before the Court and the stage of the proceedings, the Court concludes that the interests of justice do not require the appointment of counsel.

///

Accordingly, it is ORDERED that Petitioner's motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated: **May 6, 2015**               /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE