IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERICK DANIEL GONZALEZ, | ) | 1:12-cv-01244-DAD-BMK |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND |
| vs. | ) | RECOMMENDATIONS TO DENY |
| | ) | PETITION FOR WRIT OF HABEAS |
| DANIEL PARAMO, ET AL., | ) | CORPUS |
| | ) | |
| Respondents. | ) | |
| | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATIONS TO DENY
PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Erick Daniel Gonzalez's Petition Under

28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.   After

careful consideration of the Petition and the supporting and opposing memoranda,

the Court finds and recommends that the Petition be DENIED.   Specifically, the

Court finds that Petitioner fails to show the California Court of Appeal's decision

was contrary to, or an unreasonable application of, clearly established Supreme

Court precedence regarding his claims of prosecutorial misconduct and the trial

court's response to a jury question.   Additionally, the Court finds Petitioner's claim

that the trial court erred in denying his request for juror identifying information to be

procedurally barred.

BACKGROUND[1]

On January 27, 2009, Roberto Alvarez was shot to death in his home located just outside the Dinuba, California city limits.   (Ct. App. Opinion at 1.) The prosecution's case relied primarily on the eyewitness testimony of Roberto's brother, Luis.   (Id. at 2.)   Luis testified that he lived with Roberto and that he and Roberto returned home that evening to find Petitioner and two unknown people at their house.   (Id. at 2.)   Luis testified that he overheard Roberto and Petitioner talking about money, then Roberto went into his bedroom.   (Id.)   According to Luis, he then "saw [Petitioner] come into the house, walk into Roberto's bedroom, and shoot Roberto."   (Id.)

Petitioner was charged with murder, burglary, and second degree robbery.   (Id. at 1.)   During closing arguments, defense counsel argued that "there were suspects other than [Petitioner]" and that Luis was lying and framing Petitioner to protect the real killer.   (Id. at 4.)   In response, the prosecutor stated during rebuttal that "there is no evidence that anyone else committed this crime" and "there is no evidence in this case that anybody did this crime except the eyewitness evidence of Luis."   (Id. at 5.)   On appeal, Petitioner argued these statements

---

[1] These facts are taken from the California Court of Appeal's opinion on direct appeal.   (Petition Appendix A.)   Pursuant to 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct."   Petitioner bears the burden of rebutting this presumption by clear and convincing evidence, but he does not challenge the facts recounted by the California Court of Appeal.   See id.

amounted to prosecutorial misconduct.

During deliberations, the trial court received the following question from the jury:  "Since we are only allowed to consider the evidence that is entered, are we allowed to consider the fact that an alibi was not given for the defense?"  (Id. at 8.)   The trial judge and attorneys discussed the response.  (Id.)   Defense counsel stated, "I think the answer is yes, they are, but I think they should be reminded that it's still the prosecution's burden to prove the case."  (Id.)   The judge agreed and told the jury:  "The answer is, after conferring with the attorneys, that yes, but you need also to always remember that the prosecution has the burden of proving the defendant guilty beyond a reasonable doubt."  (Id.)   On appeal, Petitioner argued that this response shifted the prosecution's burden of proof to the defense.

On the second day of deliberations, the bailiff was notified that a juror left the jury room for a break and did not return for about fifty minutes.  (Id. at 9.) After the juror returned and the jury reached a verdict, Petitioner filed a motion to release identifying information of the juror who disappeared.  (Id.)   Out of an abundance of caution, the trial court allowed defense counsel to question the foreperson in chambers.  (Id. at 10.)   The foreperson stated that the other jurors did not discuss the case while the missing juror was absent.  (Id.)   He also explained that, when the juror came back to the jury room, she said that she had been in the

bathroom and did not realize how long she was gone.   (Id.)   She stated, "I was just in the bathroom crying because . . . this is just a serious thing."   (Id.)   After hearing the foreperson's testimony, the trial court declined Petitioner's request for identifying information of the missing juror.   (Id.)   On appeal, Petitioner argued the denial was in error.

Petitioner was found guilty of murder and burglary and was sentenced to life without the possibility of parole.   He appealed to the California Court of Appeal, which rejected his arguments concerning prosecutorial misconduct, the trial court's response to the jury question, and the trial court's denial of his request for juror identifying information.   (Id. at 4-12.)   Petitioner also raised sentencing issues, and the appellate court reversed a firearm enhancement and a no-contact order.   (Id. at 12.)   Aside from the sentencing issues, the judgment was affirmed in all other respects.   (Id.)   Petitioner filed a Petition for Review with the California Supreme Court, which was denied.

On July 18, 2012, Petitioner filed his federal habeas petition.   He raises the same issues as he did on appeal regarding prosecutorial misconduct, the trial court's response to the jury question, and the trial court's denial of his request for juror identifying information.   (Petition at 5-6.)   He also raised three other grounds, but subsequently withdrew them because they were unexhausted.   (Doc.

13 at 1, Doc. 14 at 2.)

<u>DISCUSSION</u>

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a "highly deferential standard for evaluating state-court rulings. <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24 (2002).   Under AEDPA, "we must defer to the state court's resolution of federal claims unless its determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" <u>Delgadillo v. Woodford</u>, 527 F.3d 919, 924-25 (9th Cir. 2008) (quoting 28 U.S.C. § 2254(d)(1).   "The relevant state court determination for purposes of AEDPA review is the last reasoned state court decision."   <u>Id.</u>

I.     Petitioner's Claim Regarding Prosecutorial Misconduct During Closing Arguments (Ground 1).

In Ground 1, Petitioner argues that prosecutor engaged in misconduct during closing arguments by making statements that diminished the reasonable doubt standard and shifted the burden of proof to Petitioner.   (Petitioner at 41.) The California Court of Appeal disagreed, concluding that the prosecutor's statements did not modify or shift the burden of proof, but merely commented on the evidence.   (Ct. App. Opinion at 6-7.)   The Court finds that this decision was not

contrary to, or an unreasonable application of, clearly established Supreme Court precedence.

A prosecutor's statements violate the constitution when they "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). "[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." Smith v. Phillips, 455 U.S. 209, 219 (1982). "To constitute a due process violation, the prosecutorial misconduct must be 'of sufficient significance to result in the denial of the defendant's right to a fair trial.'" Greer v. Miller, 483 U.S. 756, 765 (1987). Statements by a prosecutor "must be judged in the context in which they are made," Boyde v. California, 494 U.S. 370, 385 (1990), and "a court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations." Donnelly, 416 U.S. at 647.

In this case, during closing arguments, defense counsel argued there were "many, many suspects" other than Petitioner and suggested that the only eyewitness to the murder was lying to protect the real killer. (Ct. App. Opinion at 4, 6.) In response to Petitioner's theory, the prosecutor told the jury "there is no

evidence that anyone else committed the crime" and "you don't have any evidence
that anybody else did this except for the eyewitness who said [Petitioner] did it."
(Id. at 5.)   On appeal, the Court of Appeal held that the prosecutor's statements
were permissible comments on the evidence and did not modify or shift the burden
of proof.   (Id. at 6-8.)

   The prosecutor's statements did not result in the denial of Petitioner's
right to a fair trial.   Greer, 483 U.S. at 765.   Within the context of his statements,
the prosecutor was responding to the defense theory by simply reiterating that the
eyewitness testified that he saw Petitioner commit the crimes and that no other
evidence showed anyone else did it.   The prosecutor's comments did not modify or
shift the burden of proof or otherwise infect the trial with unfairness or the denial of
due process.   Donnelly, 416 U.S. at 643.   Consequently, the Court finds that the
Court of Appeal's decision that prosecutorial misconduct did not occur was not
contrary to, or an unreasonable application of, clearly established Supreme Court
precedence.

 II. Petitioner's Claim Regarding the Trial Court's Response to a Jury
   Question (Ground 2).

   In Ground 2, Petitioner contends that the "[t]rial court responded
incorrectly to a jury question."   (Petition at 5.)   Specifically, he argues that the
court's response to the jury's question "impermissibly shifted the prosecution's

burden of proof to the defense."   (Petition at 14.)   The California Court of Appeal

concluded that the trial court's response did not shift the burden of proof.   As

discussed below, the Court finds the California Court of Appeal's decision was not

contrary to, or an unreasonable application of, clearly established Supreme Court

precedence.

       The "Due Process Clause protects the accused against conviction

except upon proof beyond a reasonable doubt of every fact necessary to constitute

the crime with which he is charged."   In re Winship, 397 U.S. 358, 364 (1970).

Where jury instructions are challenged as lessening or shifting the prosecution's

burden of proof, "the constitutional question . . . is whether there is a reasonable

likelihood that the jury understood the instructions to allow conviction based on

proof insufficient to meet the Winship standard."   Victor v. Nebraska, 511 U.S. 1, 6

(1994).   "[A] single instruction to a jury may not be judged in artificial isolation,

but must be viewed in the context of the overall charge."   Cupp v. Naughten, 414

U.S. 141, 146 (1973).   Additionally, the Supreme Court "adhere[s] to the crucial

assumption underlying our constitutional system of trial by jury that jurors carefully

follow instructions."   Francis v. Franklin, 471 U.S. 307, 324 n.9 (1985) ("We must

assume that juries for the most part understand and faithfully follow instructions.").

During deliberations, the trial court received a written question from the jury:   "Since we are only allowed to consider the evidence that is entered, are we allowed to consider the fact that an alibi was not given for the defense?"   (Ct. App. Opinion at 8.)   The court discussed the question with counsel and defense counsel stated, "I think the answer is yes, they are, but I think they should be reminded that it's still the prosecution's burden to prove the case."   (Id.)   The trial judge agreed and told the jury:   "The answer is, after conferring with the attorneys, that yes, but you need also to always remember that the prosecution has the burden of proving the defendant guilty beyond a reasonable doubt."   (Id.)   The Court of Appeal rejected Petitioner's contention that the trial court's response shifted the burden of proof to the defense, finding that the response explicitly reminded the jury that the prosecution has the burden of proof.   (Id.)

This Court must assume the jury understood and carefully followed the trial court's jury instructions absent a contrary showing.   Francis, 471 U.S. at 324 n.9.   In at least six jury instructions, the trial court instructed the jury that the prosecution has the burden of proving the defendant guilty beyond a reasonable doubt.   Importantly, in its response to the jury question, the trial court reminded the jury "you need also to always remember that the prosecution has the burden of proving the defendant guilty beyond a reasonable doubt."   (Ct. App. Opinion at 8.)

The court's instructions and response to the jury question articulated the <u>Winship</u> standard for burden of proof correctly.   <u>Victor</u>, 511 U.S. at 6.   Assuming the jury carefully followed the jury instructions, this Court finds that the Court of Appeal's conclusion that the trial court's response to the jury question did not shift the burden of proof was not contrary to, or an unreasonable application of, clearly established Supreme Court precedence.

    III.    Petitioner's Claim Regarding Denial of His Request for Juror Identifying Information (Ground 3).

In Ground 3, Petitioner argues that the "trial court erred in denying [him] access to juror identifying information."   (Petition at 6.)   He argues that the juror's behavior during deliberation "was sufficiently unusual as to support a reasonable belief that the juror had lacked the emotional ability to deliberate or to withstand pressure from other jurors."   (Petition at 21.)   As discussed below, this Court finds the California Court of Appeal imposed an adequate and independent state procedural bar with respect to this claim when it applied California's contemporaneous objection rule to preclude appellate review.   Consequently, the Court finds that federal habeas review of this claim is barred.

Under the procedural bar doctrine, "federal courts will not review a question of federal law previously decided by a state court if the state court's decision rests on a state law ground that is independent of federal law and adequate

to support judgment."   Xiong v. Felker, 681 F.3d 1067, 1075 (9th Cir. 2012) (citing

Coleman v. Thompson, 501 U.S. 722, 729 (1991)).   A state procedural rule is

"independent" unless it appears "to rest primarily on federal law or appears to be

interwoven with federal law."   Id. (citing Coleman, 501 U.S. at 734).   The rule is

"adequate" if it is "'firmly established and regularly followed' by the time as of

which it is to be applied."   Id. (citing Ford v. Georgia, 498 U.S. 411, 424 (1991)).

A petitioner may avoid application of this procedural bar doctrine only "if he can

establish cause and prejudice, or that failure to consider the claim will result in a

fundamental miscarriage of justice."   Id. (citing Coleman, 501 U.S. at 750).

   After trial, Petitioner moved the trial court to release juror information

for a particular juror who left the deliberation room for about 50 minutes.   (Cal. Ct.

App. Opinion at 9.)   The trial court denied his request.   (Id. at 11.)   On direct

appeal to the California Court of Appeal, Petitioner challenged the trial court's

denial but presented a new basis for requesting juror information.   (Id.)   The Court

of Appeal applied California's contemporaneous objection rule, holding that

Petitioner "forfeited this argument by failing to raise it in the trial court."   (Id.)

   This Court finds that the Court of Appeal's application of the state's

contemporaneous objection rule is an independent and adequate state procedural

rule.   Xiong, 681 F.3d at 1075.   It is "independent" because it does not rest on

federal law and is not interwoven with federal law, and it is "adequate" because it was firmly established and regularly followed by the time the California Court of Appeal applied it to Petitioner's case.   See id. (applying California's contemporaneous objection rule and concluding that it is an independent and adequate procedural bar to federal habeas review); Fairbank v. Ayers, 650 F.3d 1243, 1256 (9th Cir. 2011) (noting "California consistently applies its contemporaneous objection rule when a party fails to object" and concluding that the rule is "an independent and adequate state procedural rule that bars federal review of Fairbank's prosecutorial misconduct claim").

Having found that the Court of Appeal applied an independent and adequate state procedural rule, federal habeas review of this claim is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."   Coleman, 501 U.S. at 750. "Cause" requires Petitioner to "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 479 (1986).   To show "prejudice," Petitioner must establish "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial

12

with error of constitutional dimensions."   U. S. v. Frady, 456 U.S. 152, 170 (1982).

The "miscarriage of justice" exception only applies where "a constitutional violation

has probably resulted in the conviction of one who is actually innocent."   Schlup v.

Delo, 513 U.S. 298, 327 (1995).   Petitioner does not address these issues and

therefore fails to establish cause, prejudice, or miscarriage of justice.   Accordingly,

the Court finds that the California Court of Appeal's application of the

contemporaneous objection rule is an independent and adequate state procedural

rule that bars federal review of Petitioner's claim.   See Fairbank, 650 F.3d at 1257.

CONCLUSION

With respect to Grounds 1 and 2, Petitioner fails to show the California

Court of Appeal's decision was contrary to, or an unreasonable application of,

clearly established Supreme Court precedence.   Ground 3 is procedurally barred.

Accordingly, the Court finds and recommends that the Petition for Writ of Habeas

Corpus be DENIED.

These Findings and Recommendations are submitted to the United

States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §

636(b)(1).   Within fourteen (14) days after being served with these Findings and

Recommendations, any party may file written objections with the Court.   Local

Rule 304(b).   The document shall be captioned "Objections to Magistrate Judge's

13

Findings and Recommendation."   Responses, if any, are due within fourteen (14) days after being served with the objections.   Local Rule 304(d).   The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.   <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991) (in habeas case, failure to object to findings and recommendations may result in waiver of arguments on appeal).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 4, 2016



     /S/ Barry M. Kurren    
   Barry M. Kurren
   United States Magistrate Judge

<u>Erick Daniel Gonzalez v. Daniel Paramo</u>, 1:12-cv-01244-DAD-BMK, FINDINGS AND RECOMMENDATIONS TO DENY PETITION FOR WRIT OF HABEAS CORPUS.